# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

      v.

KEONNA THOMAS,
  a/k/a "Fatayat Al Khilafah,"
  a/k/a "YoungLioness"

CRIMINAL NO.   15-171

FILED UNDER SEAL

### O R D E R

AND NOW, this 18th day of August , 2015, upon

consideration of the Government's Motion for Additional Security Measures Outside the

Courtroom, it is ORDERED AND DECREED that the government's motion is GRANTED.

In granting this motion, the Court makes the following findings:

1.      On April 23, 2015, a grand jury sitting in the Eastern District of

Pennsylvania returned an indictment charging Keonna Thomas with providing material support

and resources to the Islamic State of Iraq and the Levant (ISIL), a designated Foreign Terrorist

Organization, in violation of 18 U.S.C. § 2339B.

2.      Shortly after the government executed a search warrant at Thomas's home,

her very close associate posted on Twitter a call for martyrdom operations in the United States.

And shortly after the government arrested Thomas, the same associate posted on Twitter a number

of statements expressing his outrage about the arrest, as well as the following statement, followed

by images of a truck and explosion:   "no prison door will be able to stand against the force . . . ."

3.      The government has strong reason to believe that an outside threat may

exist to proceedings relating to this case.   The government has thus requested that all persons

seeking to enter the courtroom for proceedings relating to this case must show identification to the

United States Marshal Service, pass through a magnetometer, and leave outside the courtroom all cellular telephones and electronic devices.

        4.     This court has the authority to maintain courtroom security and protect court proceedings from outside interference.   United States v. Scarfo, 850 F.2d 1015, 1024 (3d Cir. 1988).

        5.     The security measures proposed in the government's motion do not violate defendant's right to a fair trial because they will not prejudice the defendant in the eyes of the jury.  Holbrook v. Flynn, 475 U.S. 560 (1986).   To the contrary, "screening at the courtroom door . . . suggests even more strongly that the security is designed 'to guard against disruptions emanating from outside the courtroom,'" as opposed to any danger emanating from the defendant herself.   Hayes v. Ayers, 632 F.3d 500, 522 (9th Cir. 2011) (quoting Holbrook, 473 U.S. at 569).

        6.     The security measures proposed in the government's motion do not violate defendant's right to a public trial because they are a partial restriction on courtroom access supported by a substantial justification, that is, the need to maintain security in the courtroom and prevent disruptions to fair and orderly proceedings.   United States v. Smith, 426 F.3d 567, 571 (2d Cir. 2005); United States v. DeLuca, 137 F.3d 24, 33 (1st Cir. 1998); United States v. Brazel, 102 F.3d 1120, 1155 (11th Cir. 1997).

        Accordingly, IT IS HEREBY ORDERED that the following security measures shall be implemented for all courtroom proceedings relating to this case:

a.  The United States Marshal Service shall require all persons to show identification prior to entering the courtroom and shall record the name, address, and birth date of every such person;

b.  The United States Marshal Service shall require all persons to turn off all cellular telephones and electronic devices and to leave such items with the security screening station in the courthouse lobby prior to entering the courtroom;

c.  The United States Marshal Service shall set up and operate a magnetometer device outside the courtroom and shall require all persons to pass through the magnetometer prior to entering the courtroom.

Counsel for the government and their case agents, counsel for the defendant, members of the jury in this case, and my own staff are exempt from the aforementioned prohibitions and security measures.

IT IS FURTHER ORDERED that this Order, the within Motion, and all accompanying docket papers are sealed and impounded until further Order of the Court.   The Clerk of Court is directed to make no public docket entry of the sealed documents, and copies of all sealed documents should be provided only to counsel of record in this case.

BY THE COURT:

_____
HONORABLE MICHAEL M. BAYLSON
*Judge, United States District Court*

3

*cc: USMarshal*