IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA<br><br>v.<br><br>KEONNA THOMAS<br>    a/k/a "Fatayat Al Khilafah"<br>    a/k/a "YoungLioness" | CRIMINAL NO. 15-171 |
|---|---|

**MEMORANDUM RE DEFENDANT'S MOTION FOR A BILL OF PARTICULARS**

**Baylson, J.**                                                                                                                    **June 2, 2016**

      Defendant Keonna Thomas has been indicted and charged with knowingly attempting to provide material support and resources – herself – to a foreign terrorist organization, the Islamic State of Iraq and the Levant.  Presently pending before the Court is her Motion for a Bill of Particulars pursuant to Federal Rule of Criminal Procedure 7(f).  ECF 40.  The Government filed an Opposition to this Motion, ECF 43, and Defendant filed a Reply under seal, see ECF 47.  The Court held a hearing on the Motion on May 12, 2016 with Defendant present, after which both sides submitted supplemental briefing.  ECF 53, 55.  For the reasons that follow, Defendant's Motion shall be denied.

      "Originally, indictments set forth [criminal] accusation[s] in great detail . . . .  The modern trend, however, has been towards more skeletal accusations combined with procedures providing access to the omitted details if the defense has a legitimate need for them."  United States v. Smith, 776 F.2d 1104, 1111 (3d Cir. 1985).  One such procedure is a motion for a bill of particulars, which if granted requires the Government to "give the defendant only that minimum amount of information necessary to permit the defendant to conduct his own investigation" of the allegations against him or her.  Id. (emphasis in original).  "[T]rial judges must be allowed to

1

exercise broad discretion in order to strike a prudent balance between the defendant's legitimate interest in securing information concerning the government's case and numerous countervailing considerations ranging from the personal security of witnesses to the unfairness that can result from forcing the government to commit itself to a specific version of the facts before it is in a position to do so." [1]  United States v. Rosa, 891 F.2d 1063, 1066 (3d Cir. 1989).

A bill of particulars is not appropriate in a case such as this, where Defendant has been given substantial access to discovery. United States v. Urban, 404 F.3d 754, 772 (3d Cir. 2005) ("[A]ccess to discovery further weakens the case for a bill of particulars.").  The Government has contended, and Defendant has not disputed, that in both August 2015 and February 2016 the Government provided organized and inventoried discovery pertaining to this case.[2] Furthermore, Defendant's Motion does not address the Criminal Complaint and accompanying affidavit of FBI Special Agent Martin McDonald extensively specifying Defendant's alleged conduct, including purchasing a plane ticket to Barcelona, researching buses from Barcelona to Istanbul, and engaging in communications suggesting an intent to engage in suicide bombing. See ECF 1.  The Court finds that Defendant has sufficient information from the Government to prepare for trial.  See United States v. Tairod Nathan Webster Pugh, 15-CR-116 (NGG), 2015 WL 9450598, at *28 (E.D.N.Y. Dec. 21, 2015) (denying motion for bill of particulars based on "review of the indictment, the parties' filings to date, and the discovery already provided" in terrorism case).

Defendant asserts that she requires a bill of particulars so as to determine whether a guilty plea in this case would serve as a double jeopardy bar to future prosecutions regarding her

---

[1] Critically, "[a]s with the indictment, there can be no variance between the notice given in a bill of particulars and the evidence at trial." United States v. Smith, 776 F.2d 1104, 1111 (3d Cir. 1985).
[2] Defense counsel stated that there were some ongoing discussions about additional discovery requests, but no motions have been filed to date.

alleged activities between August 2013 and March 2015.  Defendant cannot, however, point to a single case from the U.S. Supreme Court or this Circuit in which a bill of particulars was granted for that reason – even after being granted leave to file supplemental authority after the May 12th hearing.  Even if she could, this Court has already held that the indictment against Defendant is sufficient.  ECF 37.  In overruling Defendant's constitutional vagueness challenges, the Court concluded that the indictment is specific enough that it "enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense."  United States v. Hodge, 211 F.3d 74, 76 (3d Cir. 2000).  Defendant has offered no reason why a specific memorialized plea agreement could not further assuage her concerns should she choose to plead guilty.

  Accordingly, Defendant's Motion for a Bill of Particulars shall be denied.  An appropriate Order follows.

O:\Criminal Cases\15-171 US v Thomas\15cr171 Memo re Bill of Particulars.docx