IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 15-171 |
| KEONNA THOMAS,<br>a/k/a "Fatayat Al Khilafah,"<br>a/k/a "YoungLioness" | : | |

## ORDER

AND NOW, this _____ day of _____, 2017, upon consideration of Motion of Philly Declaration, LLC and Austin Nolen to Intervene and Unseal, the government's response thereto, and oral argument by all counsel, it is hereby ORDERED AND DECREED that the motion is GRANTED IN PART AND DENIED IN PART, as follows:

1. <u>Search Warrant Materials</u>: With regard to all search warrants, applications for search warrants, applications filed in support of such warrants, and related returns filed with the Court, government and defense counsel shall stipulate to redactions of all Personally Identifiable Information, and publicly file redacted versions of these documents on or by _____, 2017.

2. <u>Docket Numbers 24 and 26</u>: For the reasons set forth in the government's Sealed Response in Opposition to the Motion to Intervene and Unseal, the Motion is denied with regard to these documents, without prejudice to seek unsealing again once sentencing in this matter has concluded.

3. <u>Docket Number 31</u>: For the reasons set forth in the government's Response in Opposition to the Motion to Intervene and Unseal, this document shall remain under seal.

4. <u>Docket Number 35</u>:   For the reasons set forth in the government's Response in Opposition to the Motion to Intervene and Unseal, government counsel shall redact any classified information from this document, and publicly file a redacted version of this document on or by _____, 2017.

5. <u>Docket Numbers 47 and 48</u>:   For the reasons set forth in the government's Response in Opposition to the Motion to Intervene and Unseal, government and defense counsel shall stipulate to redactions of any Grand Jury information from this document, and publicly file a redacted version of this document on or by _____, 2017.

6. <u>Docket Numbers 61-64, 70</u>:   For the reasons set forth in the government's Response in Opposition to the Motion to Intervene and Unseal, the motion to unseal documents 61 and 63 shall be denied as moot.   However, documents 62, 64, and 70 shall be unsealed.

7. <u>Keonna Thomas's *Ex Parte* Presentation on 8/12/16</u>:   For the reasons set forth in the government's Response in Opposition to the Motion to Intervene and Unseal, this *ex parte* presentation shall be unsealed.

8. <u>Docket Numbers 86 and 88</u>:   For the reasons set forth in the government's Response in Opposition to the Motion to Intervene and Unseal, the motion to unseal documents 86 and 88 shall be denied as moot.

9. <u>Docket Number 87 and All Other Remaining Sealed Items</u>:  For the reasons set forth in the government's Sealed Response in Opposition to the Motion to Intervene and Unseal, any and all remaining sealed items shall remain under seal.

BY THE COURT:

_____
HONORABLE MICHAEL M. BAYLSON
*Judge, United States District Court*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 15-171 |
| KEONNA THOMAS, <br> a/k/a "Fatayat Al Khilafah," <br> a/k/a "YoungLioness" | : <br><br> : | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION OF PHILLY
DECLARATION, LLC AND AUSTIN NOLEN TO INTERVENE AND UNSEAL**

Non-parties Philly Declaration and Austin Nolen (together, "Movant") have moved to intervene and unseal all records and hearings that have been filed under seal in this case, ranging from routine search warrant materials, to classified filings under the Classified Information Procedures Act. As set forth below and in the Sealed Addendum filed with this response, this motion is significantly overbroad and should be granted only in part.

## I. The Right of the Press and Public to Access Court Proceedings and Documents is Broad, but Not Absolute

The Third Circuit has traditionally allowed the press to intervene in criminal cases for the purpose of seeking access to court proceedings and documents.[1] See, e.g., United States v. Newark Morning Ledger Co., 260 F.3d 217 (3d Cir. 2001); United States v. Raffoul, 826 F.2d 218 (3d Cir. 1987); United States v. Smith, 776 F.2d 1104 (3d Cir. 1985). However, the Supreme Court and Third Circuit have also made clear that the right of the press and public to access court

---

[1] Interestingly, the Federal Rules of Criminal Procedure do not allow for third-party intervention in criminal cases. Nonetheless, courts have generally allowed members of the press to intervene for the limited purpose of enforcing the right of access to court documents and proceedings, because any such right of access would be meaningless if there were no procedural vehicle for vindicating it. In re Associated Press, 162 F.3d 503, 506-07 (7th Cir. 1998).

proceedings and documents, though broad, is not absolute. For example, the First Amendment guarantees the press and public a right to access court proceedings and documents where "experience and logic" indicate that the First Amendment right of access attaches. Press-Enterprise Co. v. Superior Court of California, 478 U.S. 1 (1986) (courtroom proceedings); United States v. Smith, 776 F.2d at 1111-12 (judicial documents). However, such access may be denied when outweighed "by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Press-Enterprise Co. v. Superior Court of California, 464 U.S. 501, 510 (1984) (quoting Globe Newspaper Co. v. Superior Court, 457 U.S. 596 (1982)). Similarly, although the public has a common law right of access to certain judicial proceedings and records, this right of access may be denied by a court upon balancing the interests at stake. Nixon v. Warner Communications, Inc., 435 U.S. 589, 597-98 (1978); In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001); United States v. Kemp, 365 F. Supp.2d 618, 630-31 (E.D. Pa. 2005) (Baylson, J.).

In this case, as set forth below, the press and public have no right of access to the government's classified filing (Docket Number 31). And although a presumptive right of access to the unclassified sealed documents may exist, some limiting sealing remains appropriate and necessary based on a balancing of all interests and to preserve higher values.

## II. There Is No First Amendment or Common Law Right of Access to The Government's Classified Filing in this Case (Docket Number 31)

Movant has requested access to Docket Number 31, consisting of the Government's *Ex Parte* Motion Pursuant to Section 4 of the Classified Information Procedures Act (CIPA). (Mot. to Unseal, Ex. A). This very name of this filing reveals that it is a classified motion seeking to protect certain classified material from discovery under Section 4 of CIPA. As

set forth below, there is neither a First Amendment nor a common law right of access to this motion, for no historical nor logical reason exists to provide the press access to classified material, sensitive to national security, which not even the defendant herself has seen.

The opinion in United States v. Ressam, 221 F. Supp.2d 1252 (W.D. Wash. 2002), is particularly instructive. In Ressam, the court denied the press any right of access to the government's CIPA Section 4 motion and attachments, holding that the First Amendment does not provide any right of the press to access documents that are submitted as part of an *ex parte, in camera* matter to determine whether certain materials in the government's possession are discoverable. Id. at 1258; see also United States v. Wolfson, 55 F.3d 58, 60 (2d Cir. 1995) (court is "unaware of any traditional right of access on the part of the public to documents to which the defendant himself has been denied access"). Thus, the court held that there is no right of access to "the CIPA-related documents submitted by the United States." Ressam, 221 F. Supp.2d at 1262.

And even if a right of access to this document did exist, the countervailing considerations would warrant continued sealing in this case. The government's interest in protecting the security of classified information is a compelling one, Dept of Navy v. Egan, 484 U.S. 518 (1988), as discussed at length and in detail in the government's CIPA filing at issue here. And, as held by the Ressam court, any disclosure to the public would defeat the very purpose of the CIPA statute, which itself provides significant procedural safeguards to protect classified information. Ressam, 221 F. Supp.2d at 1259.

Notably, the Ressam court did unseal the protective order issued in response to the government's CIPA motion, in redacted form so as to remove any classified discussion. Id. at 1264-65. The government would have no objection to a similar ruling in this case with regard to

the Court's order (Docket Number 35), which Movant is also seeking.

### III. Some of the Unclassified Sealed Filings Should Remain Sealed Because the Public Right of Access is Outweighed by Other Overriding Interests

For purposes of this motion, the government will stipulate that a public right of access exists – under the First Amendment and/or the common law – to the unclassified sealed documents sought by Movant. However, as explained below, some limited sealing remains necessary when this presumptive right of access is balanced against other overriding interests.

#### A. Search Warrant Materials (docketed separately)

Movant seeks access to any and all search warrants, search warrant applications, affidavits filed therewith, and filed returns. These materials were originally filed under seal in order to protect the ongoing investigation, the rights of individuals named in the materials who had not been charged with any offense, and to respect the presumption of innocence. However, the fact and content of these search warrants have been discussed extensively in court, and much of their content is mirrored in the Complaint and supporting affidavit which are publicly available. Further, the identities of defendant's unindicted co-conspirators have been publicly disclosed. Therefore, the government will not contest any unsealing of filed search warrant materials (redacted to remove any Personally Identifiable Information (PII) which the government is obliged to protect, such as the defendant's home address), subject of course to any unanticipated concerns raised by defense counsel.

#### B. Docket Numbers 47 and 48: Defendant's Reply in Support of Bill of Particulars, and Sealing Order

In April 2016, the defendant publicly filed a Motion for a Bill of Particulars, and the government publicly filed its response in opposition. Defendant then filed her Reply under seal,

because it quotes, cites, and attaches a Grand Jury exhibit. Movant is seeking this Reply, as well as the Order sealing it (Docket numbers 47 and 48).

Although motion papers are generally subject to the presumptive right of access, the Third Circuit has expressly excepted Grand Jury matters from the normal right of the press and public to access court proceedings and filings. In re Newark Morning Ledger Co., 260 F.3d at 220-21 ("Among the few limitations to the First Amendment right of access in criminal hearings, none is more important than protecting grand jury secrecy."). Therefore, the government does not contest unsealing this Reply (and associated Order) <u>in redacted form</u> so as to remove the Grand Jury exhibit as well as any quotes thereof and citations thereto.

### C. Docket Numbers 61-64, 70: Motion for Notification of Surveillance Techniques, and Associated Documents

In June 2016, defendant filed under seal a Motion for Notification of Surveillance Techniques, which the parties heavily briefed and argued throughout July and August. All of the initial briefing was filed under seal (Docket Numbers 61, 63), and Movant is seeking these items, as well as the associated sealing orders (Docket Numbers 62, 64, 70). However, the parties already re-filed their motion papers publicly, with only minor redactions (Docket Numbers 71, 72, 74), because the contents thereof were discussed in detail in open court during oral argument. These public filings largely moot Movant's request for the sealed motion papers. The only remaining sealed documents are the associated Court Orders (Docket Numbers 62, 64, 70), which the government agrees may be unsealed in light of the parties' public re-filings.

### D. Defendant's Ex Parte Presentation to the Court on 8/12/2016

Movant is seeking access to transcripts of "Ms. Thomas's *ex parte* presentation to the Court on August 12, 2016." (Motion to Unseal, Ex. A.) This *ex parte* presentation occurred

so that defense counsel could articulate possible defense trial theories allegedly relevant to its pending Motion for Notification of Surveillance Techniques. As such, it was properly placed under seal in order to protect the secrecy of defendant's trial strategy. However, now that the defendant has pled guilty and no trial will occur, it may be that the need for sealing has passed and that unsealing may be appropriate. However, the government takes no position on this request, because the government has no first-hand knowledge of the substance of this *ex parte* presentation.

### E. Docket Number 86 ("Plea Document"), and the Associated Plea Hearing on September 20, 2016

Movant seeks access to Docket Number 86 ("Plea Document"). However, an examination of the docket reveals that this document is not filed under seal. Therefore, the Motion should be denied as moot with regard to this item.

Movant also seeks a transcript of "the plea hearing on September 20, 2016 (not yet posted to ECF)." (Motion to Unseal, Ex. A.) An examination of the docket reveals that the plea hearing has been publicly docketed (Docket Number 88), but that no transcript has been ordered. Should Movant want a copy of this transcript, a request for transcription may be placed with the Clerk's Office. Thus this request, too, should be denied as moot.

## IV. Motion to Seal Government's Addendum Regarding All Remaining Sealed Material

The government addresses the remaining sealed items (Docket Numbers 24, 26, and 87) in an Addendum to be filed with this Response. These items have not been discussed in any publicly filed document or hearing, nor are they identified in any way on the public docket. Further, any public discussion of their contents or even their titles will defeat the interests served by their sealing. Therefore, in order to protect the interests at stake, the government hereby

moves for an Order placing its Addendum under seal.[2]

V. **CONCLUSION**

WHEREFORE, the government respectfully submits that the Motion of Philly Declaration, LLC an Austin Nolen to Intervene and Unseal be DENIED IN PART AND GRANTED IN PART, as set forth in the attached proposed Order.

LOUIS D. LAPPEN
ACTING UNITED STATES ATTORNEY

JENNIFER ARBITTIER WILLIAMS
Assistant United States Attorney

PAUL CASEY
Trial Attorney
Counterterrorism Section
U.S. Department of Justice

---

2  Movant argues that "[d]ue process requires" it "be provided with sufficient information about the Sealed Docket Records so that it can meaningfully argue that they are subject to the First Amendment right of access," citing United States v. Raffoul, 826 F.2d 218, 224 (3d Cir. 1984). However, the Raffoul decision only pertains to the public's right to notice about the closure of a courtroom, not about the sealing of a document. This is consistent with other cases in the Third Circuit requiring public notice prior to closing a courtroom. See, e.g., United States v. Criden, 675 F.2d 550 (3d Cir. 1982).

In fact, no public notice requirement attaches prior to sealing of a document, nor is such a requirement necessary. Courtroom proceedings are transient (preserved only in their transcription), which means closing them to the public comes with great cost. In comparison, documents are concrete items fully preserved when filed under seal, remaining available to the press should unsealing later be appropriate. Thus, the sealing of a document results in less of a harm on the public interest. In addition, even a mere docket entry notifying the public in advance of a sealed filing may destroy the very interest being protected by the seal. Therefore, although this Court may have an obligation to provide public notice prior to closing a courtroom proceeding, there is no such obligation prior to sealing a document.

## CERTIFICATE OF SERVICE

I certify that a copy of the Government's Response in Opposition to Motion of Philly Declaration, LLC and Austin Nolen to Intervene and Unseal was served by e-mail on the following counsel:

Counsel for Defendant:
Kathleen M. Gaughan, Esquire
Elizabeth L. Toplin, Esquire
Defender Association Of Philadelphia
Federal Court Division
The Curtis Center Building
601 Walnut Street, Suite 540 West
Independence Square West
Philadelphia, PA 19106

Counsel for Movant:
Paul Safier, Esq.
Levine Sullivan Koch & Schulz, LLP
1760 Market Street, Suite 1001
Philadelphia, PA 19103

JENNIFER ARBITTIER WILLIAMS
Assistant United States Attorney

Date: 2-6-17