IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KEONNA THOMAS | CRIMINAL ACTION<br><br>NO.  15-171 |

Baylson, J.                                                                                                               June 28, 2017

**MEMORANDUM RE: INTERVENORS' MOTION TO UNSEAL**

### I.     Introduction

Before the Court is the motion of non-party intervenors Philly Declaration, LLC, publisher of *The Declaration* news website, and Austin Nolen, its Managing Director (collectively, the "Intervenors"), to unseal certain documents (ECF 90, "Intervenor Mot."). While the number of documents in dispute has been considerably narrowed since the Intervenors initially filed their motion, the continued sealing of portions of ECF 47, as well as ECF 24, 26, and 87 remain in dispute.

For the following reasons, Intervenors' motion as to these documents will be DENIED.

### II.    Background and Procedural History

On September 20, 2016, Defendant Keonna Thomas ("Thomas") plead guilty to one Count of attempting to provide material support and resources to ISIL, in violation of 18 U.S.C. Section 2339B.  Thomas is scheduled to be sentenced on September 6, 2017 (ECF 107).

On November 16, 2016, Intervenors filed the instant motion to unseal documents and to intervene (ECF 90), arguing that the "extensive sealing" in this matter has hindered their ability to report about it.  On February 6, 2017, the Government filed an opposition to the motion, as

well as a sealed addendum, which provides additional explanation of its position. (ECF 94, 95). Intervenors filed a reply on February 21, 2017 (ECF 97, "Intervenors Reply"). The Court held Oral Argument on the Intervenor's motion on March 2, 2017.

On March 7, 2017, the Court issued an Order granting the motion to intervene, and denying in part and granting in part the motion to unseal. (ECF 98). Relevant here, the Court ordered, *inter alia*, that ECF 24, 26 and 31 would remain under seal, and the Government would file redacted versions of ECF 35, 47 and 48. Additionally, Intervenors were directed to "review the additional materials unsealed by the [G]overnment and file a supplemental memorandum by May 3, 2017," to the extent they thought the unsealing was insufficient, which the Government was to respond to by May 17, 2017.

On May 3, 2017, Intervenors filed a supplemental memorandum (ECF 104, "Supp. Mem."), in which they argue that, "[h]aving carefully reviewed the records unsealed by [the March 7, 2017] Order," that ECF 47, 24, 26 and 87 remain under seal improperly. The Government did not file anything in response.

On May 25, 2017, the Court held a hearing regarding the documents that remain in dispute. At the hearing, Intervenors reiterated the legal arguments addressed in their briefs, and Thomas and the Government stated that they were unified in their position that the disputed documents should remain under seal.

### III.    Discussion

Because the legal issues with respect to the disputed documents are distinct, the Court will analyze the propriety of continued sealing on a document by document basis.

### a. ECF 47: Grand Jury Materials which were redacted by the Government, the propriety of which is not disputed by Defendant, in Thomas' Reply Brief in Support of a Bill of Particulars

A redacted portion of Thomas' Reply brief in support of her motion for a Bill of Particulars,[1] and an exhibit attached to the Reply brief, remain in dispute because they contain grand jury material.[2] In response to the Intervenors' original motion to unseal the document, the Government previously agreed to unseal a redacted version of the Reply brief, which the Court approved (ECF 98). The redactions preclude Intervenors from access to references and citations to grand jury materials.

Intervenors contend that the redaction of text of the Reply brief which contains grand jury materials, and refusal to unseal the grand jury exhibit, is improper. Their legal argument, however, does not withstand scrutiny. Essentially, Intervenors argue that because Thomas was provided with the disputed grand jury material in the course of discovery, Thomas cannot personally be prohibited from disseminating grand jury material pursuant to Federal Rule of Criminal Procedure ("FRCP") 6. Therefore, Intervenors argue, the grand jury material is no longer subject to Rule 6's secrecy requirements. Instead, Intervenors argue, because a Protective

---

[1]  The original motion and the Government's opposition were both filed on the public docket.

[2]  Intervenors make two additional arguments, both of which the Court finds unpersuasive. First, citing In re Grand Jury Matters, 682 F.2d 61 (3d Cir. 1982), they argue that the Government has not proven that the disputed portion of the document was not generated independently of the grand jury process, and then merely used in a grand jury proceedings. (Intervenors' Reply at 5-6; Supp. Mot at 3-4). The Court is satisfied, however, that the disputed document contains grand jury material not developed independently of the grand jury process.

Intervenors also argue that this document should not be redacted because the substance of the redacted text has already been disclosed in a public filing, at ECF 43, page 3. (Supp. Mot. at 2-3 (citing In re Capital Cities, 913 F.2d 89, 98 (3d Cir. 1990)). If this was more than just a guess, this motion would be moot, as the Intervenors would already have access to the portion of the document they seek. However, Intervenors do not know for sure that the substance of the redactions is already on the public docket, which makes the legal analysis regarding sealing necessary.

Order (ECF 25) governs Thomas' personal ability to disseminate the grand jury material she was provided in discovery, the Court must conduct a balancing test—outside the context of grand jury secrecy rules—to determine whether or not reliance on a protective order is warranted when balanced against the public's common law or First Amendment right to access. (See Intervenor Reply at 5; Supp. Mem. at 4-5).

The Court rejects this argument.

FRCP 6 governs grand juries, and 6(e) specifically governs grand jury secrecy. Rule 6(e) states, in pertinent part, that "[n]o obligation of secrecy may be imposed on any person except in accordance with Rule 6(e)(2)(B)." Thomas, as the individual ultimately indicted by the grand jury, is not among the people who, pursuant to Rule 6(e)(2)(B), "must not disclose a matter occurring before the grand jury." Accordingly, when the Government provided Thomas with grand jury materials in the course of discovery, Rule 6 alone could not have been the basis for any prohibition on her further dissemination of those materials. The Court did, however, impose a Protective Order on the Defendant's ability to do so (ECF 25), which, pursuant to Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994),[3] was within its discretion.

Intervenors' reliance on United States v. White, No. 04-cr-370, 2004 WL 2399731 (E.D Pa. Sept. 22, 2004), a previous decision by this Court, is misplaced. There, the issue was whether, pursuant to the test articulated in Pansy, there was good cause to retroactively impose a

---

[3]  Pansy, 23 F.3d at 787-90, delineates seven factors to be considered when contemplating the issuance of a protective order, namely:
1. Whether disclosure will violate any privacy interests;
2. Whether the information is sought for a legitimate purpose;
3. Whether disclosure of the information will cause a party embarrassment;
4. Whether confidentiality is being sought over information important to health and safety;
5. Whether the sharing of information among litigants will promote fairness and efficiency;
6. Whether a party benefitting from the order of confidentiality is a public entity or official;
7. Whether the case involves issues important to the public.

protective order on grand jury material that had been provided to the defendant in discovery in the absence of one, in order to prevent its further dissemination. Id., at *5. While Intervenors cite White for the proposition that "a defendant who receives grand jury material as part of the discovery process is not subject to Rule 6(e)'s secrecy requirement," (Supp. Mem. at 4), Intervenors improperly extrapolate from that (1) that just because Rule 6 cannot prevent Thomas from disseminating grand jury material, the material itself is no longer governed by Rule 6; and (2) that once grand jury material is subject to a protective order, that it becomes outside the realm of any other restriction on its dissemination.

Intervenors offer no case law to support their position. While the Supreme Court has recognized a First Amendment right of access to most criminal proceedings, see, e.g., Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 578 (1980), this right of access is not unlimited. "Among the few limitations to the First Amendment right of access in criminal hearings, none is more important than protecting grand jury secrecy." Douglas Oil Co. of Cal. v. Petrol Stops N.W., 441 U.S. 211, 218 (1979). The Third Circuit is clear that "there is no presumptive First Amendment or common law right of access to court documents that involve materials presented before a grand jury, including initial motions, filings and proceedings alleging contempt under Fed.R.Crim.P. 6(e)." In re Newark Morning Ledger Co., 260 F.3d 217, 220–21 (3d Cir. 2001) (citing United States v. Smith, 123 F.3d 140, 150 (3d Cir. 1997) ("[I]f the district court seals a proceeding or brief because it would disclose grand jury matters, *there is no First Amendment right of access to it even if it also concerns possible improper actions by government officials*.")) (emphasis added). The fact that a protective order personally prevents Thomas from dissemination of the grand jury material does not mean that the protective order becomes the only barrier between grand jury material and public dissemination. While Intervenors point to

5

United States v. Wecht, 484 F.3d 194, 211-12 (3d Cir. 2007), for the proposition that, "when faced with information subject to a protective order, [courts] must balance the public interest in disclosure against interests protected by the protective order," (Supp. Mem. at 5), that case has nothing to do with grand jury material that was subject to a protective order, and Intervenors have not pointed to a single case that does.

It is important to recognize that the Government and Defendants are aligned with respect to their opposition to the unsealing of ECF 47. If Thomas, for instance, had wished to provide these materials to Intervenors, the Court may have had opportunity to consider the "good cause" factors outlined in Pansy, in the context of whether the protective order was properly imposed. However, that is not the issue before the Court.

Accordingly, because Intervenors have no right of access to grand jury material, and Thomas' individual restrictions, with respect to Rule 6 and pursuant to a protective order, does not change that fact, Intervenors' motion to unseal is DENIED as to ECF 47.

### b. ECF 24: Motion for additional security measure; ECF 26: Order Granting Motion for Additional Security Measures; ECF 87: Plea Document

Intervenors argue that ECF 24, 26 and 87 all need to be unsealed, or that the Government must provide Intervenors with information sufficient to justify their continued sealing. Specifically, Intervenors argue that "where the First Amendment right of access attaches, as the Government concedes it does here, limiting the public's right to access documents requires 'specific, individualized' findings that the First Amendment standard has been met[.]" (Supp. Mem. at 5). Therefore, they continue, "for the continued sealing of those records to be proper, there needs to be findings as to the necessity of sealing that are tied directly to those documents and the specific information that is being sealed." (Id. at 6). The Court's invocation of "considerations of national security," they argue, are "insufficient." (Id. at 5).

Under the First Amendment, the public has a "qualified . . . right to attend judicial proceedings and to access certain judicial documents." Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 91 (2d Cir. 2004); see also Press-Enterprise Co. v. Superior Court of Cal., 478 U.S. 1,9 (1986). Similarly, under common law, the public has a "general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Comms, Inc., 435 U.S. 589, 597 (1978). "The presumption of access is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995).

The applicability of the First Amendment, however, is not absolute. See, e.g., United States v. Doe, 14-cr-438, 2014 WL 11515832 (E.D.N.Y. Oct. 30, 2014). "Proceedings may be closed and . . . documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve high values and is narrowly tailored to serve that interest." In re New York Times, 828 F.2d 110, 116 (2d Cir. 1987) (internal quotations omitted).

Under common law, judicial documents carry a presumption of access measured by how relevant the document is to the exercise of judicial power "and the resultant value of such information to those monitoring the federal courts." Amodeo, 71 F.3d at 1049. The presumption of access to the document is balanced against the countervailing interests specific to the facts of the case. See Lugosch v. Pyramid Co., 435 F.3d 110, 120 (2d Cir. 2006). The countervailing factors a court may consider include "the danger of impairing law enforcement, judicial efficiency, and privacy interests." Id. at 123.

Here, after reviewing the information under seal, the Court concludes that the Government's pursuit of ongoing law enforcement activities outweighs the public's right of access to the sealed documents under both federal and common law. The Government's investigation related to this case involves national security issues and its non-public nature is critical to its success. See Haig v. Agee, 453 U.S. 280, 307 (1981) ("It is obvious and unarguable that no Governmental interest is more compelling than the security of the Nation.") (internal quotation marks omitted). Additionally, unsealing these documents could jeopardize the safety of numerous individuals. See, e.g., United States v. Doe, 63 F.3d 121, 130 (2d Cir. 1995) ("The problem of retaliatory acts against those producing adverse testimony is especially acute in the context of criminal organizations . . .").

Moreover, the Court now finds, as it has previously found (ECF 99), that the sealing of these records was narrowly tailored to protect the law enforcement interests at stake in this matter, and was the least restrictive means possible to safeguard the interests at issue. There is no reasonable alternative to keeping these documents under seal that would adequately protect the compelling interests of both Thomas and the Government. If these documents were to be made public, significant law enforcement activities could be thwarted and lives placed at risk.

### IV.  Conclusion

For the foregoing reasons, Intervenors' Motion to Unseal ECF 47, 24, 26, and 87 is DENIED, with prejudice.

O:\Jessica.2016\U.S. v. Thomas\Memo Re Unsealing.docx