```
                    UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,      . Case No. 2:15-cr-00171-MMB-1
                               .
         Plaintiff,            . U.S. Courthouse
     v.                        . 601 Market Street
                               . Philadelphia, PA  19106
KEONNA THOMAS,                 .
                               .
         Defendant.            . September 20, 2016
                               . 3:02 p.m.
. . . . . . . . . . . . . . . ..

                    TRANSCRIPT OF PLEA HEARING
               BEFORE THE HONORABLE MICHAEL M. BAYLSON
                   UNITED STATES DISTRICT COURT JUDGE

APPEARANCES:

For the Plaintiff:              JENNIFER A. WILLIAMS, ESQ.
                                U.S. ATTORNEY'S OFFICE
                                615 Chestnut Street
                                Suite 1250
                                Philadelphia, Pennsylvania  19106

For the Defendant:              ELIZABETH TOPLIN, ESQ.
                                KATHLEEN M. GAUGHAN, ESQ.
                                FEDERAL DEFENDERS OFFICE
                                601 Walnut Street
                                Philadelphia, Pennsylvania  19106

Audio Operator:                 JANICE LUTZ

TRANSCRIBED BY:                 CATHERINE ALDRICH
                                E-SCRIBE
                                2600 Island Boulevard
                                Suite 2406
                                Aventura, Florida  33160


          Proceedings recorded by electronic sound
     recording, transcript produced by transcription service.
```

1         THE COURT:  Okay.  Please be seated.  Good afternoon.
2         We're here for a hearing in the case of United States
3 versus Keonna Thomas, criminal number 15-171.  Present is Jennifer
4 Williams for the United States, and for the defendant Elizabeth
5 Toplin and Kathleen Gaughan, and the defendant is here.
6         Let's swear Ms. Thomas in, please.
7              KEONNA THOMAS, DEFENDANT, SWORN
8         COURTROOM DEPUTY:  Please state your full name and spell
9 your last name for the record.
10        MS. THOMAS:  Keonna Thomas, T H O M A S.
11        THE COURT:  Okay.  All right.  Ms. Thomas, you may be
12 seated.  Pull the microphone closer to you and speak clearly.
13        Ms. Thomas, you understand you're now under oath?
14        THE DEFENDANT:  Yes.
15        THE COURT:  And do you understand I'm going to be asking
16 you a number of questions about what I'm told you is your intention
17 to plead guilty?
18        THE DEFENDANT:  Yes.
19        THE COURT:  And do you understand you have to answer
20 my questions truthfully?
21        THE DEFENDANT:  Yes.
22        THE COURT:  And do you understand that if you don't answer
23 questions truthfully you can be prosecuted for making false
24 statements or for perjury?

1          THE DEFENDANT:  Yes.
2          THE COURT:  And if you don't understand one of my questions
3  will you tell me that before you answer?
4          THE DEFENDANT:  Yes.
5          THE COURT:  And if you want to talk to your attorneys
6  at any time, just tell me that and I'll stop the questioning so
7  you can consult with them in private.
8          THE DEFENDANT:  Yes.
9          THE COURT:  Okay.  What is your full name?
10         THE DEFENDANT:  Keonna Danielle Thomas.
11         THE COURT:  And where were you born?
12         THE DEFENDANT:  Pittsburgh, Pennsylvania.
13         THE COURT:  And how old are you?
14         THE DEFENDANT:  32.
15         THE COURT:  And how far did you go in school?
16         THE DEFENDANT:  Ninth grade.
17         THE COURT:  Can you read and write the English language?
18         THE DEFENDANT:  Yes.
19         THE COURT:  Have you ever been treated for drug or alcohol
20 addiction or mental illness?
21         THE DEFENDANT:  No.
22         THE COURT:  How do you feel today?
23         THE DEFENDANT:  I'm fine.
24         THE COURT:  Are you under any kind of medical care?

```
 1              THE DEFENDANT:  Yes.
 2              THE COURT:  Okay.  Have you had enough time to go over
 3  the charges against you with your attorneys?
 4              THE DEFENDANT:  Yes.
 5              THE COURT:  Okay.  Are you satisfied with their
 6  representation of you?
 7              THE DEFENDANT:  Yes.
 8              THE COURT:  Okay.  Now, you understand that you're
 9  charged in a single-count indictment with attempting to provide
10  material support to a foreign terrorist organization, namely the
11  Islam State of Iraq and the Levant?
12              THE DEFENDANT:  Yes.
13              THE COURT:  All right.  And have you discussed the nature
14  of this charge with your attorneys?
15              THE DEFENDANT:  Yes.
16              THE COURT:  And I understand you've decided to plead
17  guilty to the charge?
18              THE DEFENDANT:  Yes.
19              THE COURT:  Okay.  And have your attorneys advised you
20  of any defenses you might have?
21              THE DEFENDANT:  Yes.
22              THE COURT:  Okay.  And after discussions with your
23  attorneys you've made your own decision to plead guilty?
24              THE DEFENDANT:  Yes.
```

5

1 THE COURT: Has anybody used any force, violence, or
2 threats to get you to plead guilty?
3 THE DEFENDANT: No.
4 THE COURT: Has anybody given you any promises to what
5 sentence you will get?
6 THE DEFENDANT: No.
7 THE COURT: Do you understand no one can give you such
8 a promise?
9 THE DEFENDANT: Yes.
10 THE COURT: Okay. Why do you want to plead guilty?
11 THE DEFENDANT: Because I believe that I'm guilty of
12 this charge.
13 THE COURT: Say that louder.
14 THE DEFENDANT: I believe that I'm guilty of the charge.
15 THE COURT: Ms. Williams, please relate the maximum
16 sentence that could be imposed.
17 MS. WILLIAMS: Yes, your Honor. The Court may impose
18 the following maximum sentence to this charge. 15 years of
19 imprisonment, a lifetime of supervised release, a $250,000 fine,
20 and a $100 special assessment. In addition, the defendant's
21 supervised release may be revoked if its terms and conditions
22 are violated, in which case the original term of imprisonment
23 could be increased by up to two years.
24 THE COURT: Okay. So you understand, Ms. Thomas, that

1 that's the maximum sentence that could be imposed?

2     THE DEFENDANT: Yes.

3     THE COURT: All right. Have you ever been on supervision
4 for a crime before, such as probation, parole, or supervised release?

5     THE DEFENDANT: No.

6     THE COURT: Okay. Do you understand by pleading guilty
7 to this charge that this may deprive you of valuable civil rights,
8 such as the right to vote, hold public office, serve on a jury,
9 possess a firearm, or hold a professional license?

10     THE DEFENDANT: Yes.

11     THE COURT: Okay. Now I want to be sure you understand
12 what will happen, assuming I accept your guilty plea today. The
13 Probation Department will do a presentence report about you and
14 your background. Do you understand that?

15     THE DEFENDANT: Yes.

16     THE COURT: And do you understand you'll get a copy of
17 that report through your attorneys?

18     THE DEFENDANT: Yes.

19     THE COURT: And do you understand that you then have
20 14 days to file any objections to the report that you think is
21 unfair or untrue?

22     THE DEFENDANT: Yes.

23     THE COURT: And do you understand that I'll have a hearing
24 in open Court where I'll discuss the report with you and your

1 counsel, and the government lawyers will be here, and I'll consider
2 any objections that any party has filed. Do you understand that?
3          THE DEFENDANT: Yes.
4          THE COURT: And do you understand if you plead guilty
5 today you're pleading guilty for all time?
6          THE DEFENDANT: Yes.
7          THE COURT: And do you understand that if you're unhappy
8 with any of my rulings and you're unhappy about my rulings about
9 any objections to the presentence report or you're unhappy about
10 the sentence I impose, that's not grounds to withdraw your guilty
11 plea?
12          THE DEFENDANT: Yes.
13          THE COURT: And do you understand, therefore, that if
14 you plead guilty today, you're pleading guilty for all time?
15          THE DEFENDANT: Yes.
16          THE COURT: And do you understand that you or your lawyers
17 or the government can ask me to do certain things or can make
18 certain requests or motions, but I don't have to do what they
19 ask me to do? Do you understand that?
20          THE DEFENDANT: Yes.
21          THE COURT: Now, do you understand that when it comes
22 time for sentencing that I have to consider the sentencing
23 guidelines?
24          THE DEFENDANT: Yes.

1 THE COURT: And you understand the sentencing guidelines
2 are not mandatory, but I have to at least consider the guideline
3 range that would apply in this case?
4 THE DEFENDANT: Yes.
5 THE COURT: And do you also understand that I have to
6 consider other sentencing factors such as public safety, deterrence,
7 any issues of this case involving recidivism or prior record or
8 prospects for rehabilitation? Do you understand that?
9 THE DEFENDANT: Yes.
10 THE COURT: Has anybody made any promises to you as to
11 sentence you will get from me? I think I asked you that already,
12 but I want to ask it again.
13 THE DEFENDANT: No.
14 THE COURT: All right. Okay. And do you understand
15 that you can appeal the sentence I give you to a higher court?
16 THE DEFENDANT: Yes.
17 THE COURT: But do you understand that because you're
18 pleading guilty there are very limited grounds you can raise on
19 appeal, such as whether the sentence is illegal or whether I made
20 any mistakes in the procedure. Do you understand that?
21 THE DEFENDANT: Yes.
22 THE COURT: Okay. And do you understand that part of
23 the sentence will be supervised release? That's a form of parole
24 where you're under Court supervision after you finish any prison

sentence.

        THE DEFENDANT:  Yes.

        THE COURT:  And do you understand that if you violate the terms of supervised release you can receive an additional prison sentence?

        THE DEFENDANT:  Yes.

        THE COURT:  Okay.  Now I want to be sure you understand all of your Constitutional rights.  Do you understand you are presumed innocent until you're proven guilty by the government beyond a reasonable doubt?  Ms. Thomas, I'm going to ask you about your Constitutional rights to be sure you understand them, but --

        THE DEFENDANT:  Okay.

        THE COURT:  -- if you're pleading guilty, you're giving up these Constitutional rights.  So that's going to be one of my questions.

        THE DEFENDANT:  Okay.

        THE COURT:  Do you understand that?

        THE DEFENDANT:  Yes.  All right.  So the first question is do you understand that you're presumed innocent until you're proven guilty by the government beyond a reasonable doubt?

        THE DEFENDANT:  Yes.

        THE COURT:  And do you understand you have the right of assistance of a lawyer at every stage of the proceeding, including

10

1  before trial, during trial, and after trial, and for any appeals
2  to higher courts, and if you cannot afford a lawyer we will appoint
3  one for you free of charge?
4         THE COURT:  Do you understand that you have the right
5  to plead not guilty and persist in that plea, and have your case
6  tried by either a jury of 12 people or a judge sitting alone?
7         THE DEFENDANT:  Yes.
8         THE COURT:  Do you understand that you have a right to
9  a jury of your peers drawn from the residents of the district
10 of this Court, and you would get to help select who is on the
11 jury?
12        THE DEFENDANT:  Yes.
13        THE COURT:  Do you understand that in order to find you
14 guilty, the verdict of the jury must be unanimous?  That means
15 that all 12 jurors must agree that you were proven guilty by the
16 government beyond a reasonable doubt?
17        THE COURT:  Yes.
18        THE COURT:  Do you understand you can obtain a subpoena
19 or a Court order to make witnesses come to Court and  testify during
20 a trial on your behalf?
21        THE DEFENDANT:  Yes.
22        THE COURT:  Do you understand if you are found guilty
23 you could appeal such a finding of guilt to a higher court which
24 could set aside or modify the finding of guilt or give you a new

trial?

THE DEFENDANT: Yes.

THE COURT: Do you understand that at a trial you have the right to confront and cross examine; that is be in the courtroom and face, see, hear, and question the government's witnesses against you?

THE DEFENDANT: Yes.

THE COURT: Do you understand that at a trial you do not have to testify or take the witness stand if you do not want to?

THE DEFENDANT: Yes.

THE COURT: Do you understand that no one can force you to do that, and if you decide not to take the witness stand the prosecutor cannot comment or make reference to your failure to testify?

THE DEFENDANT: Yes.

THE COURT: Do you understand that by entering this guilty trial there will be no trial, and you're giving up all the rights I just told you about, and admitting that you're guilty?

THE DEFENDANT: Yes.

THE COURT: All right. Now, I'm going to ask Ms. Williams, first of all to relate the elements of the charge that the government would have to prove if the case went to trial.

MS. WILLIAMS: Yes, your Honor. In order to prove that

1  Ms. Thomas violated 18 U.S. Code Section 2339(b) the government
2  would have to prove beyond a reasonable doubt that; one, Ms. Thomas
3  knowingly attempted to provide material support or resources to
4  a foreign terrorist organization; two, that Ms. Thomas knew that
5  the organization was a designated terrorist organization or that
6  the organization had engaged or was engaging in terrorist activity
7  or terrorism;, and three, that Ms. Thomas is a national of the
8  United States or a permanent resident alien.
9          THE COURT:  All right.  Ms. Thomas, do you understand
10 that those are the elements of the charge that the government
11 would have to prove beyond a reasonable doubt?
12         THE DEFENDANT:  Yes.
13         THE COURT:  And you understand because you're pleading
14 guilty the government doesn't have to prove anything?
15         THE DEFENDANT:  Yes.
16         THE COURT:  You've admitted that your guilty.  Is that
17 correct?
18         THE DEFENDANT:  Yes.
19         THE COURT:  All right.  I also have to include in this
20 hearing a summary of the evidence the government would have
21 introduced at trial, and to have your acknowledgement that you
22 committed these acts.  Now, I can have Ms. Williams read it or
23 summarize it or if you've read the government's change of plea
24 memorandum I can incorporate that by reference.

1         Have you discussed this with your lawyers?
2         THE DEFENDANT: Yes.
3         THE COURT: Which would you prefer?
4         MS. TOPLIN: Your Honor, the government has provided
5  us a summary of the factual basis for this plea, and we have reviewed
6  it with Ms. Thomas, so if the Court's inclined we would incorporate
7  --
8         THE COURT: You've gone over that with Ms. Thomas?
9         MS. TOPLIN: We have, your Honor.
10        THE COURT: Is that right, Ms. Thomas?
11        THE DEFENDANT: Yes.
12        THE COURT: You've reviewed that with your lawyers?
13        THE DEFENDANT: Yes.
14        THE COURT: Is that true and correct?
15        THE DEFENDANT: Yes.
16        THE COURT: All right. And basically the government
17 says it's going to prove that the Secretary of State has designated
18 ISIL, which is how -- an abbreviation for the Islamic State of
19 Iraq and the Levant, is a foreign terrorist organization, there's
20 a prohibition against providing or attempting to provide material
21 support, and the government would present your own electronic
22 communications seized from your computer devices and online e-mail
23 and social media accounts that would show that you attempted to
24 provide material support and resources to ISIL knowing that ISIL

1  was engaged in terrorist activity.  Do you admit that?
2             THE DEFENDANT:  Yes.
3             THE COURT:  Yes?
4             THE DEFENDANT:  Yes.
5             THE COURT:  All right.  Ms. Williams, anything you want
6  to add?
7             MS. WILLIAMS:  No, your Honor.  I did set forth the factual
8  basis in the change of plea memorandum, and ask that it be incorporated
9  into today's hearing.  Thank you.
10            THE COURT:  Yes.  Well, that's agreed to.
11            Is that right, Ms. Toplin, that we'll incorporate that
12 by reference --
13            MS. TOPLIN:  So stipulated, your Honor.
14            THE COURT:  -- into this hearing?  Yes?
15            MS. TOPLIN:  Yes.
16            THE COURT:  All right.  And Ms. Thomas, you agree to
17 that?
18            MS. GAUGHAN:  I'm sorry.  If I can just have a minute?
19  Thank you, your Honor.
20            THE DEFENDANT:  Yes.
21            THE COURT:  Okay.  All right.  Counsel have any other
22 questions?
23            MS. TOPLIN:  No, your Honor.
24            MS. TOPLIN:  No, your Honor.

1          THE COURT:  All right.  I'm going to find the defendant
2 is alert, competent, and capable of entering an informed plea,
3 that it's a knowing and voluntary plea supported by an independent
4 basis of fact containing each of the essential elements of the
5 offense pled to.
6          I'll therefore, accept the plea and ask that she be
7 arraigned on the single-count indictment.
8          COURTROOM DEPUTY:  Keonna Thomas, you previously pled
9 not guilty to bill of indictment number 15-171 charging you with
10 attempt to provide material support and resources to a foreign
11 terrorist organization in violation of 18 U.S.C. 2339(b) as to
12 count one of this indictment.  How do you plead now, guilty or
13 not guilty?
14          THE DEFENDANT:  Guilty.
15          THE COURT:  All right.  A presentence report will be
16 prepared by the Probation Office, and the defendant will be required
17 to give information to assist in its preparation, and may have
18 counsel present while answering any questions.  Defendant and
19 defense counsel sit down face to face and review the presentence
20 report and notify the probation officer of any objections within
21 14 days.
22          Sentencing date?
23          COURTROOM DEPUTY:  January 17th, 2017 at 10:00 a.m.
24          THE COURT:  All right.  Thank you.  Court's adjourned.

16

MS. WILLIAMS: Thank you, your Honor.

(Proceedings concluded at 3:16 p.m.)

\* \* \* \* \*

**C E R T I F I C A T I O N**

I, Catherine Aldrich, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, and to the best of my ability.

*Catherine Aldrich*
_____

DATE: November 17, 2017